# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

LaShawn Pettus-Brown,

      Plaintiff,

                                       **Civil Action 2:18-cv-83**

v.                                  **Judge George C. Smith**

                                       **Magistrate Judge Elizabeth P. Deavers**

State of Ohio,

      Defendant.

## REPORT AND RECOMMENDATION

Plaintiff, a state inmate under the supervision of the Ohio Department of Rehabilitation and correction, brings this prisoner civil rights action under 42 U.S.C. § 1983. (ECF No. 1-1.) Plaintiff seeks leave of Court to proceed *in forma pauperis* in this matter. (ECF No. 1.) For the reasons that follow, the Undersigned **RECOMMENDS** that Plaintiff's Motion be **DENIED** and that Plaintiff's Complaint be **DISMISSED WITHOUT PREJUDICE** to paying the requisite filing fee.

## I.

The Prisoner Litigation Reform Act ("PLRA") limits a prisoner's ability to proceed *in forma pauperis* if the prisoner has had three or more prior cases dismissed on the grounds that they were frivolous or malicious:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). In interpreting the language of this section, the United States Court of Appeals for the Sixth Circuit has held that claims dismissed as frivolous or for failure to state a claim both count as strikes under § 1915(g). *Pointer v. Wilkinson*, 502 F.3d 369, 373 (6th Cir. 2007) ("The text of § 1915(b) draws no distinction between claims dismissed as frivolous or for failure to state a claim; both types of dismissals count as a strike"). The Sixth Circuit has held that it is proper for a district court to dismiss a plaintiff's action pursuant to the "three-strikes" rule in 28 U.S.C. § 1915(g). *Rittner v. Kinder*, 290 F. App'x 796, 797 (6th Cir. 2008).

As the language of § 1915(g) indicates, the three-strikes provision will not apply if a "prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). For the purposes of interpreting the statute, the Court considers whether a plaintiff is in imminent danger at the time of the filing of the complaint. *Vandiver v. Vasbinder*, 416 Fed. App'x 560, 561 (6th Cir. 2011) ("[T]he plain language of § 1915(g) requires the imminent danger to be contemporaneous with the complaint's filing."). Although the United States Court of Appeals for the Sixth Circuit has not offered a precise definition of imminent danger, it has suggested that the threat of serious physical injury "must be real and proximate." *Rittner*, 290 F. App'x at 797. Moreover, the Sixth Circuit has noted, "[t]he imminent danger exception is essentially a pleading requirement subject to the ordinary principles of notice pleading." *Vandiver*, 416 F. App'x at 562; *see also Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007) (suggesting that courts should "maintain a singular focus on the facts alleged in the complaint in deciding whether a prisoner faced the requisite harm") (citing *Ibrahim v. Dist. of Columbia*, 463 F.3d 3, 6 (D.C. Cir. 2006)); *Ciarpaglini v. Saini*, 352 F.3d 328, 330–31 (7th Cir. 2003) ("Before denying leave to proceed IFP, courts must review a frequent filer's well-pled allegations to ensure that the prisoner is not in imminent danger.") (citing *Rivera v. Allin*, 144 F.3d 719, 726 (11th Cir. 1998)).

## II.

The Undersigned concludes that Plaintiff has accumulated three strikes within the meaning of 28 U.S.C. § 1915(g) of the PLRA.   After conducting a review of the cases to which Plaintiff cites in his Complaint along with the records of the United States Courts, the Court has found at least three cases that qualify as strikes under the three-strikes provision:

> *Pettus-Brown v. Hamilton Cnty Ohio*, No. 1:17-CV-32 (S.D. Ohio); dismissed on February 13, 2017, for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915A(b)(1).

> *Pettus-Brown v. Cooper, et al.*, No. 1:15-CV-539 (S.D. Ohio); dismissed on October 14, 2015 for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

> *Pettus-Brown v. United States of America*, No. 1:07-CV-52 (S.D. Ohio); dismissed on April 24, 2008 for failure to state a claim upon which relief may be granted pursuant to Fed. R. Civ. P. 12(b)(6).

Each of the three cases was before the United States District Court; each was dismissed for failure to state a claim upon which relief may be granted. Thus, Plaintiff must pay the full filing fee in this case unless the "imminent danger" exception applies to the facts he has presented in his Complaint.

A review of Plaintiff's Complaint reveals that he has not pled that he is in imminent danger of serious physical injury.   Thus, the "imminent danger" exception to § 1915(g) does not apply. Because Plaintiff does not qualify for the imminent danger exception to the three-strikes provision of the PLRA, he must pay the full filing fee for this case to proceed.

## III.

Because Plaintiff has accumulated three strikes within the meaning of § 1915(g) and he is not in imminent danger of serious physical injury, the PLRA precludes Plaintiff from proceeding

*in forma pauperis*.   Accordingly, the Undersigned **RECOMMENDS** that Plaintiff's Motion to Proceed *in forma pauperis* be **DENIED.**   (ECF No. 1.)   Further, the Undersigned **RECOMMENDS** that Plaintiff's Complaint be **DISMISSED WITHOUT PREJUDICE** to full payment of the requisite filing fee.   (ECF No. 1-1.)

## IV.   PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection.   28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

Date: February 1, 2018

_/s/ Elizabeth A. Preston Deavers_
ELIZABETH A. PRESTON DEAVERS
UNITED STATES MAGISTRATE JUDGE