# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**LaShawn Pettus-Brown,**

    **Plaintiff,**

    v.

**State of Ohio,**

    **Defendant.**

Civil Action 2:18-cv-83
Judge George C. Smith
Magistrate Judge Elizabeth P. Deavers

## REPORT AND RECOMMENDATION

Plaintiff, a state inmate under the supervision of the Ohio Department of Rehabilitation and correction, brings this prisoner civil rights action under 42 U.S.C. § 1983. (ECF No. 1-1.) Plaintiff seeks leave of Court to proceed *in forma pauperis* in this matter. (ECF No. 1.) On February 1, 2018, the Undersigned conducted an initial screen of Plaintiff's Complaint as required by 28 U.S.C. §1915A to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). (ECF No. 2.) On March 14, 2018, the Court recommitted this matter for further analysis. (ECF No. 7.) For the reasons that follow, the Undersigned **RECOMMENDS** that Plaintiff's Motion be **DENIED** for failure to state any claim on which relief may be granted.

1

**I.**

Congress has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief maybe granted. 2 8 U.S.C. §§ 1915 (e)(2)(B)(ii) and 1915A(b)(1). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill* v. Lappin, 630 F.3d 468, 470-71 (6th Cir. 2010) ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

A federal court has limited subject matter jurisdiction. "The basic statutory grants of federal court subject-matter jurisdiction are contained in 28 U.S.C. § 1331, which provides for '[f]ederal-question' jurisdiction, and § 1332, which provides for '[d]iversity of citizenship' jurisdiction." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 501 (2006). Federal-question jurisdiction is invoked when a plaintiff pleads a claim "arising under" the federal laws, the Constitution, or treaties of the United States. *Id*. (citation omitted). For a federal court to have diversity jurisdiction pursuant to Section 1332(a), there must be complete diversity, which means that each plaintiff must be a citizen of a different state than each defendant, and the amount in controversy must exceed $75,000. *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

**II.**

According to the Complaint, Plaintiff was indicted by a grand jury in Hamilton County on certain felony charges. (ECF No. 1-1 at 8.) Plaintiff alleges that he we not properly charged and that he was improperly denied a "preliminary hearing" prior to his indictment. (*Id*.) Plaintiff posits that it was a violation of his constitutional rights to indict him *via* grand jury proceedings, rather than through a "direct hearing" at which Plaintiff could have personally appeared. (*Id*.) Plaintiff seeks injunctive and declaratory relief against the state of Ohio. (*Id*. at 10-12, 15-16.)

The Eleventh Amendment to the United States Constitution precludes a private party from bringing suit against a state or any of the state's agencies unless the state has expressly consented to the suit or Congress has properly abrogated the state's sovereign immunity. *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 58 (1996); *Alabama v. Pugh*, 438 U.S. 781 , 782 (1978). "Ohio has not waived its sovereign immunity in federal court." *Mixon v. Ohio*, 193 F. 3d 389, 397 (6th Cir. 1999). And "Congress did not intend to override well-established immunities or defenses under the common law" by enacting § 1983. *Will v. Mich. Dept. of State Police*, 491 U.S. 58, 67 (1989). Accordingly, there are very limited exceptions to state and state actor immunity here. *Cady v. Arenac Cnty.*, 574 F.3d 334, 344 (6th Cir. 2009). First, a plaintiff may bring a claim against a state official acting in his or her official capacity if the plaintiff seeks only "prospective injunctive or declaratory relief." *Id*. (citing *Papasan v. Allain*, 478 U.S. 265, 276-78 (1986)). Second, a plaintiff may bring a claim for monetary damages against a state official in his or her individual capacity. *See Kentucky v. Graham*, 473 U.S. 159, 165- 68 (1985); *Turker v. Ohio Dep't of Rehab. & Corr.*, 157 F.3d 453, 457 (6th Cir. 1998).

Because none of the limited exceptions to Eleventh Amendment immunity apply here, the Undersigned finds that Plaintiff has failed to state a claim on which relief may be granted.

## III.

For the reasons explained above, Plaintiff's Complaint fails to assert any claim on which relief may be granted. It is therefore **RECOMMENDED** that the Court dismiss Plaintiff's claims pursuant to Section 1915(e)(2). Accordingly, it is also **RECOMMENDED** that Plaintiff's Motion for Leave to Exceed Allotted Discovery be **DENIED** as **MOOT**. (ECF No. 6.)

## IV. PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to

magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

Date: March 21, 2018　　　　　　　　　　　　　/s/ *Elizabeth A. Preston Deavers*
　　　　　　　　　　　　　　　　　　　　ELIZABETH A. PRESTON DEAVERS
　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE